

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 5, 1957

Hon. John Osorio, Chairman
Board of Insurance Commissioners
International Life Building
Austin, Texas

Opinion No. WW-90

Re: Is a person, firm, or partnership
which is for part or all the time
directly or through an agent en-
gaged in activities described in
Article 580-2(c), V.C.S., exempt
from the dealer licensing provi-
sions of such Act when dealing in
insurance securities as described
in Article 580-3(c).

Dear Sir:

You have requested our opinion concerning whether
a person, firm, corporation, or partnership which is for all
or a part of the time directly or through an agent engaged
in the activities described in Article 580-2(c), Vernon's
Civil Statutes of Texas, denominated "the Insurance Securi-
ties Act," exempt from the dealer licensing provisions of
such Act when dealing in insurance securities as described
in Article 580-3(c). You state in your opinion request that
three security dealers who do not have licenses under the
Insurance Securities Division of the Board, but do have li-
censes as a dealer through the Securities Commissioner of
the Secretary of State's office, have asserted that they are
not required to secure an insurance dealer's license for such
secondary sales as are set out in Article 580-3(c). They con-
tend that they are acting only as agent for vendor or seller
under Section 3(c) and therefore no insurance securities deal-
er's license is required of them as such agent.

Article 580-2(c) defines a "dealer":

"The term 'dealer' shall include every person
or company, other than a salesman, who engages in
this state, either for all or part of his or its
time, directly or through an agent, in selling,

offering for sale or delivery or soliciting subscriptions to or orders for, or undertaking to dispose of, or to invite offers for, or rendering services as an investment adviser, or dealing in any other manner in any security or securities within this state. Any issuer other than a registered dealer, of a security or securities, who, directly or through any person or company, other than a registered dealer, offers for sale, sells or makes sales of its own security or securities shall be deemed a dealer and shall be required to comply with the provisions hereof; provided, however, this Section or provision shall not apply to such issuer when such security or securities are offered for sale or sold either to a registered dealer or only by or through a registered dealer acting as fiscal agent for the issuer; and provided further, this Section or provision shall not apply to such issuer if the transaction is within the exemptions contained in the provisions of Section 3 of this Act."

The initial paragraph of subsection 3 of Article 580 provides:

"Except as hereinafter in this Act specifically provided, the provisions of this Act shall not apply to the sale of any security when made in any of the following transactions and under any of the following conditions, and the company or person engaged therein shall not be deemed a dealer within the meaning of this Act; that is to say, the provisions of this Act shall not apply to any sale, offer for sale, solicitation, subscription, dealing in or delivery of any security under any of the following transactions or conditions:

". . ."

Amongst the transactions exempted by subsection 3 is the transaction set forth in sub-paragraph (c) thereof, which states:

"(c) Sales of securities made by or in behalf of a vendor, whether by dealer or other agent, in the ordinary course of bona fide personal investment of the personal holdings of such

> vendor, or change in such investment, if
> such vendor is not otherwise engaged either
> permanently or temporarily in selling securi-
> ties; provided, that in no event shall such
> sales or offering be exempt from the provi-
> sions of this Act when made or intended by the
> vendor or his agent, for the benefit, either
> directly or indirectly, of any company or cor-
> poration except the individual vendor (other
> than a usual commission to said agent);
>
> ". . ."

The issue, then, is whether a dealer who makes a sale for a vendor, which sale would be exempt under the provisions of subsection 3 of Article 580, would himself be exempt from obtaining a license under the Insurance Securities Act of such dealer engages only in transactions exempt under Article 580-3(c).

The Insurance Securities Act is substantially identical to the language of the Securities Act.[1] The language of both acts was derived from Article 600a, V.C.S., popularly known as the "Blue Sky Law," as amended. Accordingly, cases construing the provisions of old Article 600a will be controlling where applicable.

In construing Article 600a, Subsection 3(c), which is substantially identical to Article 580-3(c), the courts have repeatedly held that a dealer engaged in such a transaction must obtain a dealer's license. In Cosner v. Hancock,[2] the court stated:

> "We think involved in that language is the
> construction that Section 3(c) applies to the

---

[1] Article 579-1 through Article 579-42.

[2] 149 S.W.2d 239 (Tex.Civ.App. 1941, error dism.) This was a suit for a broker's commission for the sale of an oil payment by the plaintiff. Defendant defended on the basis that plaintiff had no dealer's license while plaintiff claimed to be exempt from the provisions of the Securities Act requiring a dealer's license by virtue of Section 3(c), and was therefore entitled to recover, notwithstanding the fact that he had no dealer's license.

owner of the security; that he is not a dealer
if he sells for the purposes named, either in
person or through another a personally owned
security-, provided, of course, he is not in
that general business.  The sale or contract
of sale made under such circumstances, whether
by the owner or another, is in all respects
legal and enforceable.  It is not held, however,
we think, that if the one effecting the sale for
such a vendor is an unlicensed dealer under the
Securities Act that he would be entitled to com-
pensation for his services."

This ruling has been adhered to in a number of
cases.[3]

Admittedly there have been several amendments to
Article 600a, Section 3(c) since the time of these decisions.
(The additional language added by amendment is underlined in
the excerpt of subsection 3(c) set out above.)

It can readily be seen that the amendments are not
substantial and do not materially change the language of the
Act with respect to the issue raised.  Section 3(c) of Arti-
cle 600a certainly contemplated sales by agents, for how else
could a sale be made on behalf of a vendor except by another
person?

The Insurance Securities Act has no provision ex-
empting "dealers" licensed by the Securities Commissioner of
the Secretary of State's office from obtaining a license pur-
suant to the "Insurance Securities Act".  Therefore the deal-
ers in question are not exempted from the Act.

-------------------------

Sibley v. Coffield, 193 S.W.2d 239 (Tex.Civ.App. 1946,
writ ref. n.r.e.); Shriver v. Stoddard, 188 S.W.2d 892 (Tex.
Civ.App. 1945, error ref.); Breeding v. Anderson, 254 S.W.2d
377 (Tex.Sup.Ct. 1953); Kadane v. Clark, 135 Tex. 496, 143
S.W.2d 197 (Tex.Sup.Ct. 1940).

## SUMMARY

A person, firm, or corporation or partnership which is for part or all of the time directly or through an agent engaged in activities described in Article 580-2(c), V.C.S., is not exempt from the dealer's licensing provisions of such Act when dealing in insurance securities as described in Article 580-3(c).

Very truly yours,

WILL WILSON
Attorney General

By *Wallace P. Finfrock*

Wallace P. Finfrock
Assistant

WPF:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler
        Chairman